| | |
|---|---|
| LUCIOUS STOVAL, on behalf of his minor children, ET AL. | CIVIL ACTION |
| v. | NO. 19-2380 |
| WAL-MART LOUISIANA, L.L.C., ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiffs' motion to remand. For the reasons that follow, the motion is DENIED.

**Background**

This lawsuit arises from an incident in which Wal-Mart employees chasing shoplifters allegedly knocked over a cart with a child in it, causing the child to hit the concrete floor and suffer a brain injury and causing the child's family emotional distress.

On April 8, 2018, Kennette Terrance and her two children were shopping at Wal-Mart located at 4001 Behrman Place in New Orleans. Ms. Terrance was standing with her children in a checkout line; her minor son was strapped into a shopping cart while her other child stood with her. Wal-Mart employees chasing after an alleged

1

shoplifter ran into Ms. Terrance's shopping cart, knocking it over, and causing her son to hit his head on the concrete floor.

Nine months later, Ms. Terrance and her husband, Lucious Stovall, Sr., sued Wal-Mart Louisiana, L.L.C., Wal-Mart Stores, Inc., and Wal-Mart, Inc. on behalf of themselves and their minor children.[1] They allege that Wal-Mart's negligence caused their son to suffer a brain injury and caused their other child to suffer mental anguish and emotional distress as a result of the accident. Finally, Mr. Stovall and Ms. Terrance claim damages for "loss of consortium, service and society along with medical expenses and other costs as a result of the subject accident." For their minor son's "serious injuries," the plaintiffs seek to recover for past, present and future pain and suffering, medical expenses, and loss of earning capacity. On March 15, 2019, the defendants removed the lawsuit to this Court, invoking the Court's diversity jurisdiction.[2] The plaintiffs now move to remand.

I.

Although the plaintiffs challenge removal in this case, the removing defendants carry the burden of showing the propriety of

---

[1] The state court petition was filed on January 24, 2019 and Wal-Mart, Inc. was served on February 18, 2019.
[2] On June 3, the defendant filed an amended notice of removal.

2

this Court's removal jurisdiction. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). Remand is proper if at any time the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Given the significant federalism concerns implicated by removal, the removal statute is strictly construed "and any doubt about the propriety of removal must be resolved in favor of remand." Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008)(citation omitted); Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281-82 (5th Cir. 2007)(citations omitted).

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case -- that is, if the plaintiff could have brought the action in federal court from the outset. See 28 U.S.C. § 1441(a). To exercise diversity jurisdiction, complete diversity must exist between the plaintiffs and all of the properly joined defendants, and the amount in controversy must exceed $75,000. See § 1332(a)(1). Where at least one plaintiff's claim satisfies the amount-in-controversy requirement, the Court has jurisdiction over that claim and may exercise supplemental jurisdiction over other claims that do not independently meet the $75,000 threshold. See

Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 599 (2005).

The only dispute to be resolved is whether the amount-in-controversy requirement is met. To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal. See Manguno, 276 F.3d at 723 (citing Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995)). Louisiana law requires that a plaintiff include "no specific amount of damages" in his prayer for relief. La. Code Civ. Proc. art. 893. However, it also provides that "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim exceeds or is less than the requisite amount is required." Id.

When the plaintiff has alleged an indeterminate amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. See De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). This showing may be made by either (1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000, or (2) setting forth "summary judgment type evidence" of facts in

4

controversy that support a finding of the jurisdictional amount. Manguno, 276 F.3d at 723; Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). In examining the petition, courts are permitted to "make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim." Robertson v. Exxon Mobil Corp., 814 F.3d 236, 240 (5th Cir. 2015). "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). If the removing defendant cannot show that the amount in controversy is facially apparent, it may be able to "set[] forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." Luckett, 171 F.3d at 298. If the petition is ambiguous as to whether the alleged damages surpass the jurisdictional amount in controversy, the Court may consider a post-removal affidavit that clarifies the original complaint. Asociación Nacional de Pescadores a Pequeña Escala o Artesanales de Colombia (ANPAC) v. Dow Química de Colombia, 988 F.2d 559, 565 (5th Cir. 1993), abrogated on other grounds by Marathon Oil Co. v. Ruhgras, 145 F.3d 211, 214 (5th Cir. 1998), rev'd on other grounds, 526 U.S. 574 (1999).

If the removing party satisfies its burden, the plaintiff can only defeat removal by showing that it is "legally certain that his recovery will not exceed the amount stated in the state complaint." De Aguilar, 47 F.3d at 1412; see St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). Absent a statute that restricts recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul makes later filings irrelevant." De Aguilar, 47 F.3d at 1412 (quoting In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992)(per curiam)).

II.

The Court finds that it is facially apparent that the petition contains at least one claim that independently satisfies the amount in controversy requirement.

The plaintiffs seek compensation for their injuries and for their children's injuries, including for the son whom sustained a head injury. In the state court petition, the plaintiffs allege that their son has "sustained serious injuries and damages including, but not limited to: (1) Past, present, and future pain

6

and suffering; (2) Past, present and future medical expenses; (3) Past and future lost wages and/or loss of earning capacity; (4) Mental anguish and emotional distress; (5) Injuries to [the child's] brain and other parts of his body and mind; and (6) Other damages which will be shown at the trial of this matter." The plaintiffs fail to include in the state petition a general allegation that the amount due is less than $75,000. Nor have the plaintiffs filed any post-petition stipulation or indication that they irrevocably bind themselves to recovery less than $75,000.

Wal-Mart submits that it has carried its burden in demonstrating that it is clear from the face of the petition that the amount in controversy is met solely based on the claim brought on behalf of the injured child. The defendants maintain that, if the allegations are true, they would be liable for all of the child's medical expenses, future lost earning capacity, and emotional suffering and distress. Wal-Mart invokes case literature to support a finding of jurisdiction where brain injuries are alleged. For example, in <u>Wornner v. Christian Home Health Care, Inc.</u>, another Section of this Court determined that it was facially apparent the amount in controversy exceeded $75,000 because the plaintiff "alleged injuries to her head and nervous system, and she has requested damages for past, present, and future medical expenses [and] pain and suffering." Here, the plaintiffs

7

claim similar injury and damages on behalf of their son. And, significantly, the plaintiffs failed to declare that their damages do not exceed $75,000. Likewise, they fail to offer any stipulation binding them to a recovery less than $75,000.

Considering the brain injury allegations, the "common-sense inference" is that the medical expenses and additional suffering and damages claimed likely will exceed $75,000 for at least the claim on behalf of the son with the head injury. Robertson, 814 F.3d at 240. The defendants satisfied their burden, and the plaintiffs have not shown to a legal certainty that the amount in controversy is less than $75,000.

Accordingly, IT IS ORDERED: that the motion to remand is DENIED.[3]

New Orleans, Louisiana, September 12, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] Quite obviously, if plaintiffs believe their damages are less than the jurisdictional amount, the case, if the parties settle, could involve less than the jurisdictional amount.